Presented to the Court by the foreman of the
Grand Jury in open Court, in the presence of
the Grand Jury and FILED in the U.S.
DISTRICT COURT at Seattle, Washington.

MAY 17 _____ 20 12

WILLIAM M. McCOOL, Clerk

By _____ Deputy

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

UNITED STATES OF AMERICA,    CR 12 NO.    **133 RSM**

         Plaintiff,        **INDICTMENT**

         v.

MARK F. SPANGLER,

         Defendant.

The Grand Jury charges that:

## COUNTS 1-15
### (Wire Fraud)

**A.**    **Introduction**

At all material times:

1.     The Spangler Group, Inc. ("TSG") is a Washington corporation based in Seattle and an investment adviser registered with the United States Securities and Exchange Commission ("SEC"). At one point TSG reported to the SEC that it managed over $100 million in assets for a number of clients who resided in the Western District of Washington and elsewhere. TSG filed for receivership protection on June 28, 2011.

2.     MARK F. SPANGLER was a Certified Financial Planner, investment adviser, and the founder and President of TSG, and made all of its investment decisions. MARK F. SPANGLER filed for personal receivership protection on July 3, 2011.

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

3.     MARK F. SPANGLER, on behalf of TSG, invested clients' funds in a variety of investment vehicles, including the following private investment funds, which he created and managed, all of which filed for receivership protection on June 28, 2011:

a.     Equity Investors Group, LLC ("Equity Investors") was established by MARK F. SPANGLER on August 27, 1998, to pool his clients' assets for the purpose of achieving capital appreciation through investments with a third-party investment adviser, Southeastern Asset Management, which was expected to invest the funds in publicly traded equities.

b.     In June 2008, MARK F. SPANGLER changed the name of Equity Investors to SG Growth+ Investors Group, LLC. ("SG Growth+"). The Private Placement Memorandum (PPM) provided that SG Growth+ would invest "substantially all of the capital for long term capital appreciation" and that the fund "may" invest in publicly traded securities. The PPM removed any mention of a specific third-party adviser and provided that MARK F. SPANGLER could serve as one of the investment advisers for the fund.

c.     Income+ Investors Group, LLC ("Income+") was established by MARK F. SPANGLER on July 2, 1998, to pool his clients' assets for the purpose of seeking income through investments in a municipal bond fund that was invested in mutual funds and managed by a third party. The mutual fund in which the fund invested was expected to be traded in public markets.

d.     In May 2008, MARK F. SPANGLER changed the name of Income+ to SG Income+ Investors Group, LLC ("SG Income+"). The PPM provided that SG Income+ would invest in "debt and hybrid securities" which "may" be traded on public markets. The PPM removed any mention of a specific bond fund and provided that MARK F. SPANGLER could serve as one of the investment advisers for the fund.

e.     Long/Short Equity Investors Group, LLC was established by MARK F. SPANGLER on March 25, 1999, to invest in an identified third-party hedge fund

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1 vehicle that sought long-term capital appreciation with moderate risk.  In June 2008,

2 MARK F. SPANGLER represented to investors that he was merging Long/Short Equity

3 Investors Group, LLC into SG Growth+.

        f.     Spangler Ventures Seven, LLC ("SV7") was established by MARK

5 F. SPANGLER on July 5, 2000, to invest in a private entity which became known as

6 TeraHop Networks, Inc. ("TeraHop").

        g.     Spangler Ventures Nine, LLC ("SV9") was established by MARK F.

8 SPANGLER on June 20, 2001, to invest in Tamarac, Inc.

        h.     Spangler Ventures Eleven, LP ("SV11") was established by MARK

10 F. SPANGLER on May 28, 2003, to invest in TeraHop.

        i.     Spangler Ventures, LLC was established by MARK F. SPANGLER

12 on March 9, 2000, as a managing entity for the SV funds.

        4.     TeraHop Networks, Inc. ("TeraHop") was a privately held company co-

14 founded by MARK F. SPANGLER and headquartered in Alpharetta, Georgia.  The

15 company manufactured wireless devices used to monitor the location and activity of

16 people and physical assets such as construction equipment.  TeraHop was initially

17 incorporated on November 13, 2002, as Seekernet, Inc. ("Seekernet"), and was renamed

18 TeraHop on June 7, 2006.  After failing to generate any meaningful revenue, TeraHop

19 ceased functioning in April 2011 at the direction of MARK F. SPANGLER and was

20 placed into receivership on September 20, 2011.  MARK F. SPANGLER was CEO of

21 TeraHop on two occasions, between June 2004 and January 2005, and again between

22 January 2010 and June 2011.  MARK F. SPANGLER also served as a director of

23 Seekernet and TeraHop from December 2001 to April 2011.  Between January 2005 and

24 March 2011, MARK F. SPANGLER and TSG received $439,688.43 in payments from

25 TeraHop.  Spangler Ventures, LLC owned stock in TeraHop.  After failing to generate

26 any meaningful revenue, TeraHop ceased operation in April 2011, and filed for

27 receivership protection on September 24, 2011.

28

5.     Tamarac, Inc. ("Tamarac") was a privately held company co-founded by MARK F. SPANGLER on March 9, 2000, and headquartered in Seattle, Washington. The company designed and sold investment portfolio management software for financial advisors.  Between late 2009 and early 2011, MARK F. SPANGLER was Tamarac's Chairman of the Board.  Between February 2005 and March 2011, MARK F. SPANGLER and TSG received $653,184.01 in payments from Tamarac.  MARK F. SPANGLER owned stock in Tamarac.

**B.     The Scheme and Artifice to Defraud.**

6.     Beginning in or about April 2003 and continuing until in or about June 2011, at Seattle and elsewhere, within the Western District of Washington, MARK F. SPANGLER knowingly devised a scheme and artifice to defraud investors, and for obtaining money and property from investors by means of material false and fraudulent pretenses, representations, and promises and concealment of material facts; and in executing and attempting to execute this scheme and artifice, did knowingly cause to be transmitted in interstate commerce by means of wire communication, certain signs, signals, and sounds.

7.     The essence of the scheme and artifice to defraud was to fraudulently represent to investors who had invested or intended to invest funds with MARK F. SPANGLER and TSG that: (a) substantially all of the investors' funds placed into the Equity Investor/SG Growth+ and Income+/SG Income+ funds would be invested in publicly traded securities; and (b) only a small percentage, if any, of the investors' portfolios would be invested in private equities through one or more of the Spangler Venture ("SV") funds.

8.     In truth and in fact, as MARK F. SPANGLER well knew, between 2003 and 2011 he fraudulently diverted over $46 million of investor funds from Equity Investor/SG Growth+ and Income+/SG Income+ into two risky start-up companies, Terahop and Tamarac, neither of which was able to produce the investment returns

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

represented by MARK F. SPANGLER.  In order to conceal this fraudulent diversion of funds, MARK F. SPANGLER regularly provided the investors with statements which falsely and fraudulently represented that the investors' funds were substantially invested in publicly traded securities which were generating a reasonable rate of return for the investor.

9.    Additionally, MARK F. SPANGLER was operating a "Ponzi" scheme in which he used investor funds to make payments, disguised as interest or principal payments, to other investors.

**C.    Manner and Means of the Scheme and Artifice to Defraud.**

**MARK F. SPANGLER'S
MISREPRESENTATIONS AND MATERIAL OMISSIONS**

10.    It was part of the scheme and artifice to defraud that MARK F. SPANGLER induced his investor clients to invest funds into, or to maintain funds with, MARK F. SPANGLER and TSG by means of false and fraudulent pretenses, representations and promises, including the following:

a.    Equity Investors and SG Growth+ would invest substantially all funds into publicly traded equity securities;

b.    Income+ and SG Income+ would invest substantially all funds into publicly traded debt securities;

c.    Long/Short Equity Investors Group, LLC was going to be liquidated and all proceeds would be invested into Equity Investors/SG Growth+;

d.    Only a small percentage of the investors' total portfolios would be invested in private equities through the single purpose Spangler Venture funds known as SV7, SV9 and SV11, with the investors' knowledge and consent;

e.    Investors would be able to liquidate their investments within a specified period of time as defined in the Private Placement Memoranda;

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

f.     Equity Investors and SG Growth+ were generating a positive rate of return over time; and

g.     Income+ and SG Income+ were generating a positive rate of return over time.

11.     It was further part of the scheme and artifice to defraud that MARK F. SPANGLER fraudulently concealed from his clients who invested in Equity Investor/SG Growth+, and Income+/SG Income+, the following material facts:

a.     MARK F. SPANGLER had diverted tens of millions of dollars from Equity Investor/SG Growth+ into TeraHop and Tamarac;

b.     MARK F. SPANGLER had diverted millions of dollars from Income+/SG Income+ into TeraHop and Tamarac;

c.     MARK F. SPANGLER co-founded TeraHop and served as the Chairman of the Board, Director, and Chief Executive Officer.  MARK F. SPANGLER and TSG received $439,688.43 in payments from TeraHop;

d.     MARK F. SPANGLER co-founded Tamarac and served as the Chairman of the Board and a company Director.  MARK F. SPANGLER and TSG received $653,184.01 in payments from Tamarac; and

e.     MARK F. SPANGLER and Spangler Ventures, LLC were investors in TeraHop and Tamarac.

12.     It was further part of the scheme and artifice to defraud that MARK F. SPANGLER provided client investors with quarterly Portfolio Position Analysis ("PPA") statements which misled investors into believing that: (a) substantially all the investors' funds were invested in Equity Investors/SG Growth+ and Income+; (b) only a small portion of the investors' portfolios was invested in private equities through one or more of the SV funds; and (c) there had not been any significant diminution in the value of the investors' portfolios.

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

13.     It was further part of the scheme and artifice to defraud that MARK F. SPANGLER provided quarterly Portfolio Performance Summary ("PPS") reports to investors in Equity Investors/SG Growth+, and Income+/SG Income+, which reported that these funds had accrued positive returns, whereas, in truth and in fact, MARK F. SPANGLER then well knew that these return rates were in excess of their actual growth, and that these funds were in fact losing monies through investments in private equities including TeraHop and Tamarac.

14.     It was further part of the scheme and artifice to defraud that MARK F. SPANGLER would use the investors' money to make interest and principal payments to other investors in the Income+, SG Income+, Equity Investors, and Growth+ funds. MARK F. SPANGLER led investors to believe that these payments derived from investment profits, and failed to inform investors that their money was being used to pay other investors.

## DIVERSION OF INVESTOR MONEY

15.     It was further part of the scheme and artifice to defraud that, in or about April 2003 and continuing until June 2011, without notifying the investors in Equity Investors/SG Growth+ and Income+/SG Income+, MARK F. SPANGLER diverted money from those funds into two risky private start-up companies, TeraHop and Tamarac. In order to conceal his diversion of investor funds, MARK F. SPANGLER transferred a significant portion of funds from Equity Investors/SG Growth+ and Income+/SG Income+ into bank accounts at Comerica Bank held in the name of SV7, SV9 and SV11. MARK F. SPANGLER then directed that funds be transferred from SV7 and SV11 to TeraHop and from SV9 to Tamarac.

16.     It was further part of the scheme and artifice to defraud that, between April 2003 and April 2011, MARK F. SPANGLER fraudulently diverted over $41 million from Equity Investors/SG Growth+ to TeraHop and Tamarac.

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

17.    It was further part of the scheme and artifice to defraud that, between April 2003 and April 2011, MARK F. SPANGLER fraudulently diverted over $5 million from Income+/SG Income+ to TeraHop and Tamarac.

18.    It was further part of the scheme and artifice to defraud that, between 2005 and 2011, MARK F. SPANGLER and TSG collected significant management fees from his clients, which he used for his personal benefit.

## REPRESENTATIVE INVESTORS

19.    **Investor V.I.**

a.    V.I. was a TSG client since 1993. She informed MARK F. SPANGLER that she wanted her portfolio invested conservatively, and MARK F. SPANGLER led V.I. to believe that he was investing her money in the conservative manner in which she had instructed him.

b.    Between July 2004 and October 2006, MARK F. SPANGLER fraudulently induced V.I. to invest approximately $2 million into Equity Investors/SG Growth+, and approximately $850,000 into Income+/SG Income+. V.I. believed, based on representations made by MARK F. SPANGLER, that her funds were going to be invested in publicly traded debt and equity securities.

c.    Between 2006 and 2010, MARK F. SPANGLER fraudulently diverted a significant amount of V.I.'s funds invested in Equity Investors/SG Growth+ and Income+/SG Income+ into TeraHop and Tamarac, without V.I.'s knowledge or authorization.

d.    In or about March 2010, MARK F. SPANGLER provided V.I. with a PPA which fraudulently represented that 62%, or $2,007,429, of her portfolio was invested in the Growth+ fund, and 26%, or $850,000, of her portfolio was invested in the Income+ fund, whereas, in truth and in fact, as MARK F. SPANGLER well knew, 64%, or $2,081,649, of V.I.'s portfolio was actually invested in TeraHop, and 11%, or $353,548, of V.I.'s portfolio was actually invested in Tamarac.

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

e.    In late 2010, V.I. learned for the first time that her funds were heavily invested in TeraHop and Tamarac. In December 2010, V.I. instructed MARK F. SPANGLER to liquidate her investment portfolio and return her assets to her. MARK F. SPANGLER represented to V.I. that he would not be able to provide her with her funds until several quarters in the future. In truth and fact, MARK F. SPANGLER was incapable of liquidating V.I.'s portfolio, because SG Income+ and SG Growth+ did not have liquid assets. MARK F. SPANGLER returned to V.I. only approximately $12,000 of V.I.'s total cost basis of approximately $2.8 million.

20.    **Investors S.G. and C.M.**

a.    S.G. and C.M. are husband and wife. They were TSG clients since 2004. S.G. and C.M. informed MARK F. SPANGLER that they wanted their portfolio invested conservatively. MARK F. SPANGLER led S.G. and C.M. to believe that he was investing their money in the conservative manner in which they had instructed him.

b.    Between 2004 and 2010, MARK F. SPANGLER induced S.G. and C.M. to invest approximately $1.6 million in Equity Investors/SG Growth+, and approximately $133,000 in Income+/SG Income+, based on MARK F. SPANGLER's representation that their funds would be invested in funds holding publicly traded debt and equity securities.

c.    Between 2004 and 2010, MARK F. SPANGLER fraudulently diverted a significant amount of S.G. and C.M.'s funds, which they had invested in Equity Investors/SG Growth+ and Income+/SG Income+, into TeraHop and Tamarac, without their knowledge or authorization.

d.    Between 2004 and 2010, MARK F. SPANGLER provided Portfolio Reviews, PPAs and PPSs to S.G. and C.M. which misled S.G. and C.M. to believe their funds were invested in marketable equities and public equities. In truth and in fact, as MARK F. SPANGLER well knew, a large percentage of their portfolio had been fraudulently diverted into TeraHop and Tamarac. By March 31, 2010, 63%, or

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1  $3,775,445, of S.G. and C.M.'s portfolio was invested in TeraHop, and 9%, or $507,245,

2  of their portfolio was invested in Tamarac.

3        e.    In or about 2010 and 2011, MARK F. SPANGLER strongly urged

4  S.G. and C.M. to invest in Tamarac, without informing them that he had already invested

5  their funds into Tamarac. S.G. and C.M. informed MARK F. SPANGLER that they did

6  not wish to be invested in Tamarac.

7        f.    In or about January 2011, S.G. and C.M. first learned that their

8  portfolio was invested in TeraHop and Tamarac. As a result, they instructed MARK F.

9  SPANGLER to liquidate their positions in those two companies and return their assets to

10  them. MARK F. SPANGLER represented to S.G. and C.M. that he would not be able to

11  provide them with their funds until several quarters in the future. In truth and in fact,

12  MARK F. SPANGLER was incapable of liquidating their portfolio, because SG Income+

13  and SG Growth+ did not have liquid assets. MARK F. SPANGLER was unable to return

14  any funds to S.G. and C.M.

15      21.   **Investors M.V. and S.V.**

16        a.    M.V. and S.V. are husband and wife. They were TSG clients since

17  the mid-1990s. They informed MARK F. SPANGLER that they wanted their portfolio

18  invested conservatively. MARK F. SPANGLER led them to believe that he was

19  investing their money in the conservative manner in which they had instructed him.

20        b.    Between 1998 and 2010, MARK F. SPANGLER induced M.V. and

21  S.V. to invest over $4 million in Equity Investors/SG Growth+, and over $400,000 in

22  Income+/SG Income+, based on MARK F. SPANGLER's representation that their funds

23  would be invested in funds holding publicly traded debt and equity securities.

24        c.    Between 2003 and 2010, MARK F. SPANGLER fraudulently

25  diverted a significant amount of M.V. and S.V.'s funds, which they had invested in

26  Equity Investors/SG Growth+ and Income+/SG Income+, into TeraHop and Tamarac,

27  without their knowledge or authorization.

28

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1        d.    Between 2004 and 2010, MARK F. SPANGLER provided Portfolio

2    Reviews, PPAs and PPSs to M.V. and S.V., which misled M.V. and S.V. into believing

3    their funds were invested in marketable equities and public equities. In truth and in fact,

4    as MARK F. SPANGLER well knew, a significant portion of their portfolio had been

5    fraudulently diverted into TeraHop and Tamarac.

6        e.    In early 2011, M.V. and S.V. first learned that their portfolio was

7    invested in TeraHop and Tamarac. As a result, they instructed MARK F. SPANGLER to

8    liquidate their positions in those two companies and return their assets to them. MARK

9    F. SPANGLER represented to M.V. and S.V. that he would not be able to provide them

10   with their funds until several quarters in the future. In truth and in fact, MARK F.

11   SPANGLER was incapable of liquidating their portfolio, because SG Income+ and SG

12   Growth+ did not have liquid assets. MARK F. SPANGLER was unable to return any

13   funds to M.V. and S.V.

14       22.   **Investor J.W.**

15       a.    J.W. was a TSG client since 1986. She informed MARK F.

16   SPANGLER that she wanted her portfolio invested conservatively, and she understood

17   that MARK F. SPANGLER was investing her money in the conservative manner in

18   which she had instructed him.

19       b.    Between 1998 and 2010, MARK F. SPANGLER induced J.W. to

20   invest over $700,000 in Equity Investors/Growth+, and approximately $195,000 in

21   Income+/SG Income+. J.W. believed, based on representations made by MARK F.

22   SPANGLER, that her funds were going to be invested into publicly traded debt and

23   equity securities.

24       c.    Between 2003 and 2010, MARK F. SPANGLER fraudulently

25   diverted a significant amount of J.W.'s funds invested in Equity Investors/SG Growth+

26   and Income+/SG Income+ into TeraHop and Tamarac, without J.W.'s knowledge or

27   authorization.

28

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1         d.      Between 2003 and 2010, MARK F. SPANGLER provided Portfolio

2 Reviews, PPAs and PPSs to J.W., which misled J.W. to believe her funds were invested

3 in marketable equities and public equities. In truth and in fact, as MARK F. SPANGLER

4 well knew, a significant portion of her portfolio had been fraudulently diverted into

5 TeraHop and Tamarac.

6         e.      In late 2009, J.W. first learned that her portfolio was invested in

7 TeraHop and Tamarac. As a result, she instructed MARK F. SPANGLER to liquidate her

8 positions in those two companies and return her assets to her. MARK F. SPANGLER

9 represented to J.W. that he would not be able to provide her with her funds until several

10 quarters in the future. MARK F. SPANGLER further represented to J.W. that he would

11 have to drop her as a client if she did not leave a $500,000 balance in her Growth+

12 account. In truth and in fact, MARK F. SPANGLER was incapable of liquidating her

13 portfolio, because she did not have sufficient assets to liquidate. As a result, MARK F.

14 SPANGLER used funds from other investors to return a portion of J.W.'s assets to her.

15 On or about July 27, 2010, MARK F. SPANGLER used funds from other investors to

16 finance a transfer of $76,974.95 from the Growth+ checking account at Comerica Bank to

17 J.W.'s retirement account.

18 **D.    Execution of the Scheme and Artifice to Defraud**

19       23.    On or about the below-listed dates, within the Western District of

20 Washington and elsewhere, MARK F. SPANGLER, for the purpose of executing the

21 aforementioned scheme and artifice to defraud and to obtain money by means of false and

22 fraudulent pretenses, representations, promises and omissions of material facts, and

23 attempting to do so, did knowingly and intentionally cause to be transmitted, in interstate

24 commerce by means of a wire communication, certain signs, signals, and sounds, that is,

25 interstate communications, each transmission of which constitutes a separate count of this

26 Indictment.

27

28

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

| Count | Date | Transaction |
|-------|------|-------------|
| 1 | 6/26/2007 | E-mail from Seattle, WA to San Jose, California, initiating $500,000 wire transfer from Equity Investors checking account at Comerica Bank to SV9 checking account at Comerica Bank |
| 2 | 6/26/2007 | E-mail from Seattle, WA to San Jose, California, initiating $407,544.48 wire transfer from SV9 checking account to Tamarac checking account |
| 3 | 12/03/2007 | E-mail from Seattle, WA to San Jose, California, initiating $1 million wire transfer from Equity Investors to SV9 checking account |
| 4 | 12/03/2007 | E-mail from Seattle, WA to San Jose, California, initiating $1 million wire transfer from SV9 checking account to Tamarac checking account |
| 5 | 12/19/2007 | Telephone call from Bellevue, WA to Redondo Beach, California, initiating $250,000 wire transfer from Equity Investors to TeraHop checking account |
| 6 | 4/1/2008 | Interstate electronic transmission from Seattle, WA to Comerica Bank initiating wire transfer of $2,267,500 from Long/Short Comerica account to Equity Investors Comerica account |
| 7 | 4/24/2008 | Interstate electronic transmission from Seattle, WA to Comerica Bank initiating wire transfer of $240,000 from Equity Investors Comerica account to TeraHop checking account |
| 8 | 5/12/2008 | Interstate electronic transmission from Seattle, WA to Comerica Bank initiating $1,036,460.59 wire transfer from Income+ checking account to Tamarac checking account |
| 9 | 1/15/2009 | Interstate electronic transmission from Seattle, WA to Comerica Bank initiating $1,862,449.86 wire transfer from Growth+ checking to Income+ checking account |
| 10 | 4/1/2009 | Interstate electronic transmission from Seattle, WA to Comerica Bank initiating $307,769.87 wire transfer from Income+ checking account to TeraHop checking account |
| 11 | 7/27/2010 | Interstate electronic transmission from Seattle, WA to Comerica Bank initiating $167,000 wire transfer from Growth+ checking to SV11 checking account |

INDICTMENT/Spangler – 13

| 12 | 7/27/2010 | Interstate electronic transmission from Seattle, WA to Comerica Bank initiating $167,000 wire transfer from SV11 checking account to TeraHop checking account |
| 13 | 8/10/2010 | Interstate electronic transmission from Seattle, WA to Comerica Bank initiating $140,000 wire transfer from Growth+ checking account to SV11+ checking account |
| 14 | 8/24/2010 | Wire transfer request originating from The Spangler Group in Seattle, WA to Schwab, resulting in interstate Fedwire funds transfer of $500,000 from G.D. Schwab Master account to SG Income+ checking account. |
| 15 | 8/25/2010 | Wire transfer request originating from The Spangler Group in Seattle, WA to Schwab, resulting in interstate Fedwire funds transfer of $500,000 from J.P. Schwab Master account to SG Income+ checking account. |

All in violation of Title 18, United States Code, Sections 2 and 1343.

## COUNTS 16-22
### (Money Laundering – Transactions in Criminally-Derived Property)

24.     The Grand Jury realleges and incorporates, as if fully set forth herein, Paragraphs 1 through 23 of this Indictment.

25.     On or about the dates set forth below, at Seattle and elsewhere, within the Western District of Washington, MARK F. SPANGLER did knowingly engage in monetary transactions by, through, or to a financial institution, affecting interstate and foreign commerce, in criminally-derived property of a value greater than $10,000, that is, the following deposits, withdrawals, transfers, and exchanges of United States currency, funds, and monetary instruments in the following amounts, such property having been derived from a specified unlawful activity, that is, wire fraud, in violation of Title 18, United States Code, Section 1343, each transaction of which constitutes a separate count of this Indictment:

| Count | Date | Transaction |
|-------|------|-------------|
| 16 | 4/7/2009 | $55,967 check drawn on TeraHop checking account at Comerica Bank payable to L.K. |
| 17 | 4/8/2009 | $83,901 check drawn on TeraHop checking account at Comerica Bank payable to A.W. |

INDICTMENT/Spangler – 14

| 18 | 4/8/2009 | $56,032 check drawn on TeraHop checking account at Comerica Bank payable to R. Family Trust |
| 19 | 4/8/2009 | $56,032 check drawn on TeraHop checking account at Comerica Bank payable to M.H. Trust |
| 20 | 5/4/2009 | $55,835 check drawn on TeraHop checking account at Comerica Bank payable to J.T. Living Trust |
| 21 | 7/27/2010 | $76,974.95 transfer from Growth+ checking account at Comerica Bank to J.W.'s Charles Schwab account |
| 22 | 8/30/2010 | $180,000 transfer from Growth+ checking account at Comerica Bank to R.R.'s Charles Schwab account |

All in violation of Title 18, United States Code, Section 1957.

## COUNT 23
### (Investment Adviser Fraud)

26.    The factual allegations contained in paragraphs 1 through 23 of this Indictment are re-alleged and incorporated by reference as if set forth in full herein.

27.    MARK F. SPANGLER was an Investment Advisor as defined in the Investment Advisers Act of 1940, 15 U.S.C. § 80b-2(a)(11).  TSG was registered with the SEC under the Investment Advisors Act of 1940.  As such, MARK F. SPANGLER and TSG owed a fiduciary obligation of good faith, loyalty, and fair dealing to their clients, which entrusted MARK F. SPANGLER and TSG with their money to manage.  As a fiduciary, MARK F. SPANGLER and TSG were required at all times to: (a) act in good faith and in the best interests of their clients; (b) make full and fair disclosure of all material facts bearing on the investment advisory relationship between MARK F. SPANGLER, TSG, and their respective clients; and (c) employ reasonable care to avoid misleading their clients.

28.    Beginning on an exact date unknown, but sometime within the last five years and continuing through on or about June 30, 2011, in Seattle, within the Western District of Washington, and elsewhere, MARK F. SPANGLER, while acting as an investment advisor, and by use of the mails and wires in interstate commerce, and for the

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1   purpose of executing the aforementioned scheme and artifice to defraud, did (a) employ

2   devices, schemes, and artifices to defraud client investors in TSG funds known as

3   Income+, SG Income+ LLC, Equity Investors, and SG Growth+ LLC; (b) engage in

4   transactions, practices, and courses of business which operated as a fraud and deceit upon

5   client investors in TSG funds known as Income+, SG Income+ LLC, Equity Investors,

6   and SG Growth+ LLC; and (c) engage in acts, practices, and courses of business which

7   were fraudulent, deceptive, and manipulative, to wit: concealing and failing to disclose to

8   client investors in TSG funds known as Income+, SG Income+ LLC, Equity Investors,

9   and SG Growth+ LLC, the following information:

      a.    the full extent of his interest as a compensated Director and Officer of TeraHop Networks, Inc. ("TeraHop") and Tamarac, Inc.;

      b.    the fact that he was an investor in TeraHop and Tamarac, Inc.;

      c.    the full extent and nature of his clients' investments in private equities, including, but not limited to, TeraHop and Tamarac, Inc.; and

      d.    the true value and worth of his clients' investments in Income+, Equity Investors, and SG Growth+.

16      All in violation of Title 15, United States Code, Section 80b-6.

17                  **FORFEITURE**

18      29.    The allegations contained in Counts 1 – 15 of this Indictment are hereby

19   realleged and incorporated by reference for the purpose of alleging forfeitures to the

20   United States pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28,

21   United States Code, Section 2461(c).

22      30.    Upon conviction of one or more of the offenses charged in Counts 1 – 15

23   above, in violation of Title 18, United States Code, Section 1343, MARK F. SPANGLER

24   shall forfeit to the United States of America, pursuant to Title 18, United States Code,

25   Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all

26   property, real or personal, which constitutes, or is derived from, proceeds traceable to the

27   offenses.

28

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

31.     The property to be forfeited includes, but is not limited to, the following: a money judgement in the amount of $41,716,684.34, representing the proceeds of the offenses charged in Counts 1 – 15 of this Indictment.

32.     The allegations contained in Counts 16 – 22 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures to the United States pursuant to Title 18, United States Code, Section 982(a)(1).

33.     Upon conviction of one or more of the offenses charged in Counts 16 – 22 above, in violation of Title 18, United States Code, Section 1957, MARK F. SPANGLER shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real or personal, involved in such offense, and any property traceable to such property.

34.     The property to be forfeited includes, but is not limited to, the following: a money judgement representing the proceeds of the offenses charged in Counts 15 – 21 of this Indictment.

35.     Substitute Assets.  If any of the above-described forfeitable property, as a result of any act or omission of the Defendant,

        a.     cannot be located upon the exercise of due diligence;

        b.     has been transferred or sold to, or deposited with, a third party;

        c.     has been placed beyond the jurisdiction of the Court;

        d.     has been substantially diminished in value; or

        e.     has been commingled with other property which cannot be subdivided without difficulty;

///

///

///

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1  the United States of America shall be entitled to forfeiture of substitute property pursuant

2  to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States

3  Code, Section 2461(c).

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

A TRUE BILL:

DATED: 5/17/2012
*Signature of Foreperson Redacted*
*Per Policy of Judicial Conference*

_____
FOREPERSON

_____
JENNY A. DURKAN
United States Attorney

_____
CARL BLACKSTONE
Assistant United States Attorney

_____
MICHAEL J. LANG
Assistant United States Attorney

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970