Judge Ricardo Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. MARK SPANGLER, Defendant. | ) | NO. CR 12-133 **DEFENDANT'S INITIAL TRIAL MEMORANDUM** |

THE DEFENDANT, MARK SPANGLER, through counsel, Jon Zulauf and John Carpenter files this initial trial memorandum in the hope that it will enlighten the court regarding one evidentiary issue that may come up at trial: The Parol Evidence Rule.

## BACKGROUND

In 1998, several years prior to the dates alleged in the indictment, Mark Spangler together with his lawyers John Stokke and Bill Carleton of the law firm Cairncross and



ZULAUF & CHAMBLISS
THE HOGE BUILDING, SUITE 1111
705 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 682-1114

Hempelmann prepared documents to form an investment fund called Equity Investor's Group, LLC (Equity). The firm, Equity, was incorporated and registered with the State of Washington. Together with his lawyers, Mark Spangler, drafted an operating agreement and private placement memorandum for the new company. (See attached, exhibit A and B) The documents disclosed information to potential investors and when signed amounted to a written contract. All of the terms of the agreement between the parties were in writing. Mark Spangler presented the written contracts to potential investors and they signed them. The terms of the agreement were contained within the four corners of the documents. Most of the contracts were signed by investors in the 1998 to 2003 time frame.

After reviewing FBI 302s (interviews with witnesses) and Grand Jury testimony, it appears that some investors will assert that there were oral agreements not contained in the written contracts and will argue that those oral terms should be inserted into the contracts.

If witnesses should attempt to do that, the defense may raise the Parol Evidence Rule.

## LEGAL ANALYSIS

The Parol Evidence Rule preserves the integrity of written contracts by refusing to permit contracting parties to attempt to alter the contract by use of contemporaneous oral declarations. The Rule excludes proof of all prior or contemporaneous oral statements which may tend to vary or contradict an integrated written contract. Historically the Rule was designed to promote certainty and stability in commercial transactions by insuring



ZULAUF & CHAMBLISS
THE HOGE BUILDING, SUITE 1111
705 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 682-1114

legal enforcement of written contracts. In *Cruzan v. Director*, Missouri Department of Health, 497 U.S. 261, 110 S.Ct. 2841, 111 L.Ed 2d 224 (1990) the Court noted: "At common law and by statute in most States the Parol Evidence Rule prevents the variations of the terms of a written contract by oral testimony."

Federal Courts must apply the Parol Evidence Rule in accordance with local state law. *U.S. v. Hastings Motor Truck Co.*, 460 F.2d 1159 (8th Cir, 1972); *Long v. Morris*, 128 F.2d 653 (3rd Cir 1942). Generally, parol evidence is not admissible to show intent contrary to the provisions of the written contract. *Browning v. Howerton*, 92 Wash. App 644, 966 P.2d 367 (1998). If the language of the contract is clear and unambiguous, the court must enforce the contract as written. *McDonald v. State Farm*, 119 Wash 2d 724 (1992).

It is clear from the Equity Private Placement Memorandum (PPM) that the intent was that the contracts would be fully integrated documents. That is, the intent was that the terms of the agreement could not be altered by oral representations. At page 1 of the Equity Private Placement Memorandum it states: "No person is authorized to give any information or to make representations not contained in such documents (the PPM and Operating Agreements) and, if given or made, such other information or representation must not be relied upon."

If the issue arises, the parties and the court will need to determine whether any exception to the rule applies in this case. If, for example, the Government asserts a "fraud exception" to the Parol Evidence Rule, the court and parties will need to determine when the exception is applied, who has the burden of proof, what that burden is, and to which



ZULAUF & CHAMBLISS
THE HOGE BUILDING, SUITE 1111
705 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 682-1114

parties it applies. In other words, can the Government simply assert that there was fraud in the inducement when Jim Peterson became a member of Equity in 1998 or do they have to show that there was actual fraud in the inducement at that time? Does the government need to make that showing for each investor who chooses to assert that there were oral representations made to them?

It appears that some witnesses will state that additional terms orally presented by Mark Spangler to the witnesses should have the effect of altering the terms of the contracts. Those witnesses will assert, for example, that Mark Spangler told them that these investments would be "safe, conservative" investments. Whereas, on page one of the PPM it states that these investments involve a "high degree of risk". The Parol Evidence Rule was designed to prevent this type of testimony. Other witnesses will claim that Mark Spangler told them that Mark Spangler promised to put only 5% of his investments into private equity. That is not a term of the written contracts. Again, the Parol Evidence Rule should prohibit witnesses from making the claim that oral representations became terms of the contracts.

It should be noted that an unpublished opinion of the Ninth Circuit touched upon this issue by noting that the Parol Evidence Rule does not apply in criminal cases because the Government is the party to the litigation in a criminal case, not the original signers of the contract. *U.S. v. Stockett*, 270 Fed. Appx. 600 (2008). A better view, we believe, is that the Parol Evidence Rule should apply in this case. The Government will call individuals who signed the written contracts to testify. The investors will then make claims that directly contradict the written terms of the contracts. An investor should not be permitted to



ZULAUF & CHAMBLISS
THE HOGE BUILDING, SUITE 1111
705 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 682-1114

introduce evidence in either a civil or criminal case that directly contradicts the terms of a fully integrated, unambiguous contract. If allowed to do that, then it eviscerates the rule that written contracts control. Effectively, it allows every witness to claim there were different oral terms to the written contracts. It allows them to assert that the other party breached the oral term, and contend that that breach amounts to fraud.

Our point is this: Written contracts should control. A party should not be able to avoid that rule by asserting that there were oral terms to the contract that were breached by the other party.

## CONCLUSION

If the Government attempts to alter the contracts through the witnesses' testimony of oral statements made by the parties, we expect to ask the court to instruct the jury that the written contracts cannot be altered by oral statements made contemporaneously with the signing of the contracts. Additionally, we expect to ask the court to exclude investor testimony designed to alter the terms of the written agreements.

Respectfully submitted this 9th day of October, 2013.

Jon R. Zulauf – WSBA # 6936
Counsel for Defendant



ZULAUF & CHAMBLISS
THE HOGE BUILDING, SUITE 1111
705 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 682-1114

## CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorneys of record for the government. I hereby certify that I have served the attorneys of record for the government that are non CM/ECF participants via United States Mail, postage prepaid.

/Darlene McLean
Darlene McLean
Legal Assistant for
Jon R. Zulauf
The Hoge Building
705 Second Avenue #1111
Seattle, WA 98104
(206) 682-1114

165