JUDGE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | NO. CR12-133RSM |
| Plaintiff, ) | SUPPLEMENTAL RESPONSE TO |
| ) | GOVERNMENT'S TRIAL BRIEF |
| vs. ) | [DKT. 95] |
| MARK F. SPANGLER, ) | |
| Defendant. ) | |

## I. INTRODUCTION

In its trial brief, [Dkt. 95], the Government contends at pp. 20-21 that Mr. Spangler may not introduce his out-of-court statements through witnesses. It is unclear exactly how broad a declaration the Government intended to make. In light of this, the defense submits this supplemental memorandum to highlight that statements made between Mr. Spangler and his investors can be admissible, particularly if they are not offered to prove the truth of the matter asserted and relate to the alleged fraud.

The essential underpinning of the Government's argument is that these statements would be hearsay - *i.e.*, statements introduced to prove the truth of the matter asserted. Even assuming that the Government is correct regarding hearsay statements, its argument has no bearing on statements that are offered for other purposes. In this case,

SUPPLEMENTAL RESPONSE TO
GOVERNMENT'S TRIAL BRIEF [DKT. 95]
*United States v. Spangler;* CR12-133RSM         - 1 -

**FEDERAL PUBLIC DEFENDER**
1331 Broadway, Ste. 400
Tacoma, Washington 98402
(253) 593-6710

1  the Government will be introducing numerous statements by Mr. Spangler to his clients,
2  claiming that these statements were part of a scheme to defraud.  The Government does
3  not have the right to pick and choose - it is the entirety of Mr. Spangler's statements to
4  his clients that will determine whether he engaged in such a scheme.

5  For example, if the Government introduces evidence that one page of Mr.
6  Spangler's written materials sent to his client made a particular representation, Mr.
7  Spangler has every right to present evidence that he made another representation that
8  may put the Government's evidence in context.  Such a statement would not be to prove
9  the fact of what Mr. Spangler stated, but to prove that he made a particular statement to
10 the client.  His statements to his clients will also be admissible to prove what they had
11 heard, which may be relevant both to whether another statement would be misleading to
12 them and to whether that other statement would be material.

13 The case of *United States v. Gibson*, 690 F.2d 697, 701 (9th Cir. 1982) is
14 instructive.  In that case, the Ninth Circuit held that statements made by salesmen to
15 investors were not hearsay but were relevant to the Government's allegation that a
16 scheme existed.  The court quoted approvingly from a Tenth Circuit case holding that
17 "the admission of conversations between alleged victims and participants in the scheme
18 did not raise an 'actual hearsay question' because the testimony was not offered for its
19 veracity.'" *Id*. at 700 (internal citation omitted, *quoting United States v. Krohn*, 573 F.2d
20 1382, 1386 (10th Cir. 1978).  This analysis applies even where the truth or falsity of the
21 statements is also "important to the outcome of the case," so long as the statements are
22 admitted to prove they were made.  *Gibson*, 690 F.2d at 700 n.1.
23 //
24 //
25
26 SUPPLEMENTAL RESPONSE TO
GOVERNMENT'S TRIAL BRIEF [DKT. 95]
*United States v. Spangler;* CR12-133RSM    - 2 -

## II. CONCLUSION

The defense submits that the analysis of *Gibson* supports the defense position that statements that Mr. Spangler made to his investors are admissible if related to the alleged scheme to defraud, as outlined above.

DATED this 11th day of October, 2013.

Respectfully submitted,

*s/ John R. Carpenter*
JOHN R. CARPENTER
Attorney for Mark Spangler

SUPPLEMENTAL RESPONSE TO
GOVERNMENT'S TRIAL BRIEF [DKT. 95]
*United States v. Spangler;* CR12-133RSM    - 3 -

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Ste. 400**
**Tacoma, Washington 98402**
**(253) 593-6710**

**CERTIFICATE OF SERVICE**

I hereby certify that on the date below I e-filed with the Clerk of the Court the foregoing Supplemental Response to Government's Trial Brief [Dkt. 95]. I used the CM/ECF system which will send notification of such filing to the Assistant United States Attorneys on record and all interested parties.

DATED this 11th day of October, 2013.

*s/ Delia Bonaparte*

SUPPLEMENTAL RESPONSE TO
GOVERNMENT'S TRIAL BRIEF [DKT. 95]
United States v. Spangler; CR12-133RSM    - 4 -

**FEDERAL PUBLIC DEFENDER**
1331 Broadway, Ste. 400
Tacoma, Washington  98402
(253) 593-6710